**GARRARD COUNTY FISCAL COURT and RAY HAMMONDS, Judge–Executive, and Arnett Metcalf, County Treasurer, Appellants,**

v.

**Harold LAYTON, Appellee.**

**No. 91–CA–104–MR.**

Court of Appeals of Kentucky.

May 1, 1992.

Rehearing Denied June 12, 1992.

Discretionary Review Denied by Supreme Court Dec. 9, 1992.

Mark H. Metcalf, Garrard County Atty., Lancaster, for appellants.

Lee M. Dean, W. Earl Dean, Dean, Dean & Dean, Harrodsburg, for appellee.

Before GUDGEL, HUDDLESTON and McDONALD, JJ.

McDONALD, Judge.

Garrard County Fiscal Court, Ray Hammonds (Judge–Executive) and Arnett Metcalf appeal from the Order of the Garrard Circuit Court which granted summary judgment in favor of appellee, Harold Layton.

The background facts of this case are straightforward and undisputed. Pursuant to KRS 68.010, Harold Layton was appointed treasurer of Garrard County in 1984 and reappointed to the position in 1986. His regular term expired on June 30, 1990. At an executive session in January, 1990, Garrard Fiscal Court appointed Arnett Metcalf to be the new county treasurer effective July 1, 1990, or earlier, if Layton resigned.

Layton did not resign and on June 28, 1990, he objected to the appointment of Metcalf becoming effective at the expiration of his (Layton's) term. He further expressed that he fully expected to be allowed to continue as county treasurer and occupational tax administrator after his current term.

On June 29, 1990, the Garrard County Attorney officially notified Layton that the Fiscal Court had appointed Arnett Metcalf to succeed him effective July 1, 1990, and that he was to prepare all accounts for Metcalf and make a settlement with Fiscal Court.

Layton then filed an action in Garrard Circuit Court demanding that he be reinstated as treasurer and occupational tax administrator for Garrard County with full back pay, and that he be allowed to continue in such position until just cause is found for his dismissal or until he resigns.

The trial court concluded that there was no genuine issue as to any material fact and that Layton was entitled to a judgment as a matter of law. Thus, by orders entered November 17, 1990, and December 17, 1990, the trial court granted summary judgment in favor of Layton and ordered that he be reinstated as county treasurer and occupational tax administrator by reason of his "preference" to the position.

While we agree that the trial court properly determined there was no genuine issue of material fact, we conclude that the court erroneously determined which party was entitled to judgment as a matter of law.

At issue is whether the reasoning of the United States Supreme Court rulings in *Rutan v. Republican Party of Illinois*, 497 U.S. 62, 110 S.Ct. 2729, 111 L.Ed.2d 52 (1990); *Branti v. Finkel*, 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980); and *Elrod v. Burns*, 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976), mandate that Layton be continually reappointed to the position of county treasurer and occupational tax administrator until such time as there is just cause for his removal or he resigns.

We have reviewed the *Rutan* line of cases and conclude that the exceptions carved out are applicable to the present case. The opinions clearly do not maintain that *all* forms of patronage appointments are impermissible. In fact, the Court suggests the opposite to be true. It is *not* argued by appellants that the fiscal court may fire and hire at will or may condition a low-level employee's position upon political considerations; such practices are, indeed, deemed unconstitutional. The consideration in the present case is whether an appointed office holder has some "preference" to reappointment after the expiration of his statutorily mandated four-year term.

The critical analysis concerns the inherent duties, the scope of authority and the

responsibility of the position in question and whether it is a policy-making position or not.

KRS 67.080 provides in pertinent part:

Powers of fiscal court.—(1) The fiscal court may:

.    .    .    .    .

(f) Establish all appointive offices, set the duties of those offices, and approve all appointments to those offices....

KRS 68.010 provides in pertinent part:

The fiscal court of each county shall, at its regular June term every four (4) years, appoint a county treasurer for a term of four (4) years....

The statutes continue to set forth the powers, duties and responsibilities of the county treasurer.

In our opinion, the legislative scheme promulgated by the General Assembly is consistent with and serves to carry out the purpose and intent of §§ 23 and 107 of the Kentucky Constitution.

The Kentucky Constitution provides:

The General Assembly shall not grant any title of nobility or hereditary distinction, nor create any office, the appointment of which shall be for a longer time than a term of years. Ky. Const. § 23.

It provides further:

The General Assembly may provide for the election or appointment for a term not exceeding four years of such other county or district ministerial and executive officers as may, from time to time, be necessary. Ky. Const. § 107.

We conclude that the office at issue is a high-level one of import and vital function. Layton occupied a position with considerable potential for the exercise of authority, confidentiality, and involvement in the development of fiscal policy. The county treasurer retains custody of confidential records and has discretion to advise the judge-executive and fiscal court with regard to financial matters including, but not limited to, the investment of funds, the filing of suit and collection methods to utilize. The office has all the indicia of a "policy-making," government position which vests its holder with discretionary power, considerable responsibility, confi-

dence and supervisory authority. Therefore, it is our opinion that the appointive process mandated by the statutes applicable to the present case constitutes one of the permissible forms of patronage set forth in the *Rutan* line of cases.

Layton was a high-level officer of county government; his reliance on the *Rutan* line of cases for reversal of the fiscal court's action is misplaced. *Rutan, Branti* and *Elrod* concerned: low-level employees seeking promotion or recall to non-policy-making positions; positions of assistant public defenders; and, positions of deputy sheriffs, respectively. Specifically at issue was whether such employees may permissibly be discharged solely for their political affiliation or beliefs. None of the parties held office pursuant to a statute mandating their appointment or a constitutional provision limiting their term. In our opinion, the United States Supreme Court rulings in *Rutan, Branti* and *Elrod* do not apply in favor of appellee, Layton. The decisions do not mandate that the Garrard Fiscal Court reappoint Layton, by reason of "preference" or otherwise, to the office of county treasurer upon the expiration of his four-year term. Contrary to his assertion, the *Rutan* line of cases provides no relief to Layton. In fact, the reasoning and holdings of the opinions support the action of the Garrard Fiscal Court. The appointive office at issue in the present case is one we conclude may permissibly be based upon political considerations and affiliation. Our natural sense of justice does not prevail in this dispute. We do not think that Layton was anything but a competent, hardworking public official. His failure to be reappointed runs against the grain of our work-ethic sensibilities that full and faithful service and performance should be correspondingly rewarded.

The refusal of the Garrard Fiscal Court to reappoint Layton and instead make a patronage appointment of Metcalf to the office of county treasurer is consistent with KRS 67.080, KRS 67.083, KRS 68.010 and §§ 23 and 107 of the Kentucky Constitution. The Fiscal Court's actions did not violate the first or fourteenth amendments to the United States Constitution and are consistent with federal precedent.

For all the foregoing reasons, the judgment of the Garrard Circuit Court is reversed and the trial court is directed to enter summary judgment in favor of the appellants, Garrard Fiscal Court, Arnett Metcalf (County Treasurer), and Ray Hammonds (Judge–Executive).

All concur.